**INUPIAT COMMUNITY OF the ARCTIC SLOPE and Ukpeagvik Inupiat Corporation, et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, et al.,
Defendants-Appellees.**

No. 82–3678.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1983.

Decided Nov. 2, 1984.

Mason D. Morisset, Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Seattle, Wash., for plaintiffs-appellants.

Kathryn A. Oberly, Asst. Sol. Gen., Brice M. Clagett, Covington & Burling, Washington, D.C., R. Collin Middleton, Baenen, Timme, De Reitzes & Middletown, Anchorage, Alaska, for defendants-appellees.

Before BROWNING, Chief Judge, HUG, Circuit Judge, and REED \*, District Judge.

PER CURIAM:

Appellants, members of the Inupiat Community of the Arctic Slope, sued to enjoin oil development off the North Slope of Alaska in the Beaufort and Chukchi Seas.

Appellants rest their suit primarily upon a claim of aboriginal title based upon centuries of occupancy and use of sea ice many miles from shore for subsistence hunting and fishing.

■ For reasons stated in *People of the Village of Gambell v. Clark*, 746 F.2d 572 (9th Cir.1984), argued and decided with this case, we hold that any aboriginal rights appellants may have had were extinguished by the Alaska Native Claims Settlement Act, 43 U.S.C. §§ 1601–1626.

■ We agree with the district court (*Inupiat Community of the Arctic Slope v. United States*, 548 F.Supp. 182, 188 (D.Alaska 1982)), that appellants' general trust claims are barred by collateral estoppel. *See North Slope Borough v. Andrus*, 642 F.2d 589, 611–13 (D.C.Cir.1980). *See also California v. Watt*, 668 F.2d 1290, 1324–25 (D.C.Cir.1981).

■ We also reject appellants' claim based upon the Final Act, Conference on Security and Cooperation in Europe, Helsinki, *reprinted in* 73 U.S.Dept. State Bull. 323 (1975) and the International Covenant on Civil and Political Rights, G.A.Res. 2200, 21 U.N. GAOR Supp. (No. 16) at 49, U.N. Doc. A/6316 (1966). Assuming these international understandings are applicable, ap-

\* Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

pellants point to no provision of either that could be interpreted as imposing upon the United States a greater obligation to protect the subsistence culture of the Natives than that imposed upon the United States by federal domestic law—an obligation already satisfied. *See North Slope Borough v. Andrus, supra.* Nor have appellants made any showing of a universal recognition of such a greater obligation that would be necessary to establish a claim based on the law of nations. *See Filartiga v. Pena-Irala,* 630 F.2d 876, 881–84 (2d Cir.1980).

AFFIRMED.